Muriel Bullock et al., Respondents, *v.* Parkchester General Hospital et al., Appellants, et al., Defendant.

First Department, March 12, 1957.

*Philip .Hoffer* of counsel (*Jerome Heffer,* attorney), for Parkchester General Hospital, appellant.

*Solomon Z. Ferziger* of counsel (*Bernard Meyerson* with him on the brief; *Solomon Z. Ferziger,* attorney), for Sidney Canter, appellant.

*Stephen W. O'Leary* of counsel (*Jeremiah A. O'Leary, Irwin Littman* and *Wallace Tannenbaum* with him on the brief; *O'Leary & O'Leary,* attorneys), for respondents.

*Per Curiam.* Plaintiff, Muriel Bullock, a practical nurse, brought this action to recover for personal injuries sustained as the result of an assault upon her by Benjamin Turetsky, a patient of defendant Canter, his doctor, while Turetsky was hospitalized at defendant Parkchester's hospital. The doctor

and the hospital were charged with negligence in failing to warn plaintiff of the patient's alleged demented condition, violent trends and disposition. This appeal concerns only the judgments against the doctor and hospital, plaintiff having discontinued her assault action against Turetsky.

Plaintiff was employed by Turetsky through his doctor. She was to serve on the night shift and her sole duties were to nurse and care for Turetsky. She commenced her duties on the evening of June 1, 1952. Turetsky, a slight, small man, greatly weakened by illness, had suffered a second severe heart attack on the previous night. As the result of fever and sedation the patient was in a psychotic condition and had irrational moments. Plaintiff however had no trouble with him, nor did he indicate any assaultive tendencies until the night of June 4, when apparently, being annoyed by another doctor and floor nurse who came into the room and admonished him to be quiet, he threw a telephone and a glass, both of which struck plaintiff.

The question involved on this appeal is whether the evidence is sufficient to support a finding that the defendants were under a duty to warn the plaintiff that the patient might commit an assault and should have taken the necessary precautionary measures for her protection.

It is urged that the patient's psychotic condition required the doctor to warn the nurse of danger. However, the evidence presented by both sides supports a conclusion that the mere presence of a psychotic condition would not of itself indicate a tendency towards assault. There was testimony by the doctor testifying on behalf of plaintiff to the effect that there are hundreds of different types of psychoses. It does not follow therefore that merely because Turetsky was psychotic the defendants could be charged with knowledge that he would be likely to commit an assault.

In an endeavor to prove such knowledge stress is placed by plaintiff upon the following question and answer appearing in the examination before trial of Doctor Canter:

"Q. It was within your contemplation, doctor, that any danger might result to persons who came in contact with Mr. Turetsky, as a result of this condition, as you have described it?

"A. Yes, I felt that Mr. Turetsky did present a hazard, both to other people in the vicinity and himself as well." However, in the light of the doctor's answer to the question immediately following it seems quite clear that by the use of the word "hazard" he did not mean that Turetsky was likely to commit an assault. The latter question and answer were as follows:

" Q. Did you think that you should bring it to the attention of the attending nurse?

" A. Yes, I most likely would bring it to the attention of the attending nurse if I felt the patient might render her bodily harm." Reading these answers together and also the testimony of the doctor at the trial, the meaning that he apparently intended to convey was that in a medical sense Turetsky might be considered as having a bad effect on the progress of other patients as well as his own. And that conclusion is fortified by the testimony of the doctor called by plaintiff.

Except possibly for a speculative inference that might be drawn from the doctor's testimony, which we think would be clearly against the weight of the evidence, however, there is nothing whatever in the record to indicate that the doctor knew from Turetsky's mental condition that an assault might occur.

It would seem that before liability may be imposed on either of the defendants it must be established that they *knew* that the patient's psychotic condition was such that an assault might be expected to follow (*Weihs* v. *State of New York,* 267 App. Div. 233). It was there said (p. 236): " The degree of care which the law exacts from those in charge of an institution for the insane towards its patients is such reasonable care and attention for their safety and the safety of others as their mental and physical condition, *if known,* may require, and should be in proportion to the physical or mental ailments of such patients." (Emphasis supplied.)

Accordingly actual knowledge of Turetsky's dangerous condition was essential. It may be urged that lacking such actual knowledge the defendant doctor *should* in the circumstances have known Turetsky was dangerous. But liability may not be predicated on that ground for that would amount to holding the doctor liable for an error in judgment. The law seems clear that there is no liability on the part of a doctor for an error in judgment (*St. George* v. *State of New York,* 283 App. Div. 245) where it was said (p. 248): " Are the doctors, or is the State which employs them, legally responsible in damages for an honest error of professional judgment made by qualified and competent persons? We think this question must be answered in the negative. It has been so held in malpractice cases of all types for years."

We conclude that the judgment against the defendant Canter is against the weight of the evidence. Were it not for his testimony in the examination before trial as to the patient being a " hazard " we would be inclined to dismiss the complaint as to him. In the circumstances we feel that a new trial is required.

As to the defendant hospital we are satisfied that there was no proof in any way tending to establish that it knew or should have known that Turetsky's condition was dangerous, or that the hospital failed in any duty owing to the plaintiff.

The judgment should be reversed and a new trial ordered as against defendant Canter only, with costs to abide the event, and the complaint dismissed as against the defendant hospital. Settle order.

Botein, J. P., Rabin, Valente and McNally, JJ., concur.

Judgment unanimously reversed and a new trial ordered as against the defendant Canter only, with costs to the appellant to abide the event, and the complaint dismissed as against the defendant hospital. Settle order on notice.