529 P.2d 1233

**Lewis KELLY and Genevieve Kelly,
Plaintiffs-Appellants,**

v.

**BOARD OF TRUSTEES OF HILLCREST
GENERAL HOSPITAL, INC., Defendant
and Third-Party Plaintiff-Appellee,
and
Margaret Hunt, Third-Party Defendant.**

**No. 1470.**

Court of Appeals of New Mexico.

Nov. 27, 1974.

Certiorari Denied Dec. 30, 1974.

William E. Snead, Ortega, Snead, Dixon & Hanna, Albuquerque, for plaintiffs-appellants.

Arthur O. Beach, Ranne B. Miller, Keleher & McLeod, Albuquerque, for defendant and third-party plaintiff-appellee.

## OPINION

SUTIN, Judge.

Summary judgment was granted defendant in an action by plaintiffs for damages caused by the negligence of defendant's agents and employees. Plaintiffs appeal. We reverse.

*Facts*

Plaintiff Genevieve Kelly was admitted to the hospital on January 29, 1970, by Dr. Foster. She had symptoms of having the "flu". Margaret Hunt, the third party defendant, was admitted to the same hospital on February 4, 1970, at approximately 4:30 p. m. and placed in the bed next to Genevieve. Because of her previous knowledge of Margaret, Genevieve on several occasions requested the nurses and her doctor to find her another room. She was told there was no other room. Genevieve's daughter-in-law was not allowed to stay with her. While Genevieve was asleep the night of February 4, 1970, Margaret got on

top of Genevieve, placing her hands around Genevieve's throat. After a violent struggle, Genevieve rang the buzzer for help. Four nurses came to her aid.

There is a hiatus in the nurses' notes for the care of Genevieve. The notes show that from about 8:15 p. m. to 11:00 p. m. on February 4, 1970, Margaret was "very confused and talking incoherently", refused to swallow her medication, was spitting it out, "blows bubbles in glass and will not swallow water, keeps mumbling." She finally got "out of bed and went into the hall. Pulled I.V. out. Back to bed, perspiring."

A. *Defendant failed to establish a prima facie showing.*

■ On motion for summary judgment, no burden rests on plaintiffs until defendant has made a prima facie showing that there was no genuine issue of fact as to plaintiffs' claim of protection from assault and battery. "By a prima facie showing is meant such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." Goodman v. Brock, 83 N.M. 789, 792–793, 498 P.2d 676, 679–680 (1972).

■ To make a prima facie showing, the defendant must establish that it did not have actual knowledge (knew or should have known) that Margaret's condition was such that an assault and battery might be expected to follow. Stake v. Woman's Division of Christian Service, 73 N.M. 303, 387 P.2d 871 (1963). Defendant failed in this regard.

Margaret's nurses notes show that she was acting strangely and was confused. Nothing in the record indicates whether this behavior should have alerted the hospital to Margaret's dangerous propensities. No affidavit or other evidence was offered by the defendant in this regard. The hospital administrator's affidavit, stating only that the hospital had no information of prior threats of injuries caused by Margaret, is insufficient in this regard. Summary judgment should not have been granted.

In the trial of this case, the burden of proof will be on plaintiffs to establish, by a preponderance of the evidence, that the defendant had actual knowledge of Margaret's dangerous propensities.

Reversed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.