594 P.2d 745

F & T COMPANY, d/b/a Good Housekeeping Shops, Petitioner,

v.

Ann WOODS, Respondent.

Ann WOODS, Petitioner,

v.

F & T COMPANY, d/b/a Good Housekeeping Shops, Respondent.

Nos. 12141, 12150.

Supreme Court of New Mexico.

April 23, 1979.

Rehearing Denied May 17, 1979.

Sommer, Lawler & Scheuer, Thomas A. Simons, IV, Santa Fe, for F & T Co., petitioner and respondent.

White, Koch, Kelly & McCarthy, Larry White, W. B. Kelly, Santa Fe, for Ann Woods, respondent and petitioner.

Toney Anaya, Atty. Gen., Vernon O. Henning, Ralph W. Muxlow, Asst. Attys. Gen., Santa Fe, amicus curiae on behalf of Department of Corrections.

OPINION

FEDERICI, Justice.

Plaintiff brought this action against defendant F & T Company, doing business as Good Housekeeping Shops, for damages suffered as a result of the rape of plaintiff by Robert Sanders, defendant's employee. Plaintiff alleged that defendant was negligent in hiring and negligent in retaining Sanders, and that this negligence was the proximate cause of the rape.

Defendant is in the business of selling and servicing home appliances in Santa Fe and other areas. Defendant's manager, Mr. Houliston, hired Sanders, who was employed by defendant at the time of the incident involved in this case. Sanders was authorized by defendant to deliver and repair appliances sold by defendant at times when customers were at home. Plaintiff purchased a television set from defendant which Sanders delivered to plaintiff's home on August 30, 1973. During the night of September 2, 1973, Sanders entered plaintiff's apartment, without her permission, and raped her. At the time of the incident Sanders was on his own time, was not acting within the scope of his employment, was not in defendant's business vehicle, and had no authority from defendant to enter plaintiff's apartment. Defendant did not enter plaintiff's apartment to deliver or repair an appliance. The act did not occur in or near defendant's place of business.

After all the evidence had been submitted, defendant moved for a directed verdict, alleging that the evidence was not sufficient to submit the case to the jury. Defendant contended that, under the circumstances, it could not have foreseen that its employee would commit the act in question. Stated another way, defendant's argument was that even if defendant was negligent in the hiring or retention of Sanders, such negligence was not the *proximate cause* of the incident. The trial court denied the motion for a directed verdict. The jury returned a verdict for plaintiff.

Defendant appealed and the Court of Appeals reversed the trial court for its failure

to sustain defendant's motion for a directed verdict on the *negligent hiring* theory. However, the Court of Appeals affirmed the trial court's denial of defendant's motion for directed verdict on the *negligent retention* theory. Both plaintiff and defendant petitioned this Court for a writ of certiorari and both petitions were granted.

Plaintiff's theory that defendant was negligent either in hiring Sanders or in retaining him as a deliveryman is based on plaintiff's claim that defendant "knew or in the exercise of reasonable care *should have known*" of Sanders' dangerous propensities. Defendant claims it can only be liable for what it knew; that "should have known" is not an element of the tort.

■■ The torts of negligent hiring and negligent retention of an employee are based on the act or omission of the employer. *See* Annots., 48 A.L.R.3d 359 (1973); 34 A.L.R.2d 372 (1954). As stated in Restatement (Second) of Torts § 302B (1965):

An act or an omission may be negligent if the actor *realizes or should realize* that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal. (Emphasis added.)

N.M.U.J.I. Civ. 12.1 reads:

The term "negligence" may relate either to an act or a failure to act.

An act to be negligent must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to himself or to another and which such a person in the exercise of ordinary care would not do.

A failure to act, to be negligent, must be a failure to do an act which one is under a duty to do and which a reasonably prudent person in the exercise of ordinary care would do in order to prevent injury to himself or to another.

■ As this Court stated in *Mahoney v. J. C. Penney Company*, 71 N.M. 244, 377 P.2d 663 (1962):

One test for determining the issue of negligence is to consider whether a person of ordinary prudence *could or should have foreseen* or anticipated that someone might be injured by his action or nonaction. If so, that person is negligent. (Citation omitted.) (Emphasis added.)

*Id.* at 256, 377 P.2d at 671. *See also Stake v. Woman's Division of Christian Service*, 73 N.M. 303, 387 P.2d 871 (1963); *Kelly v. Board of Trustees of Hillcrest General Hospital, Inc.*, 87 N.M. 112, 529 P.2d 1233 (Ct. App.1974), *cert. denied*, 87 N.M. 111, 529 P.2d 1232 (1974).

In *Stake* the plaintiff was a nurse who was injured by a patient. The nurse alleged a negligent failure to warn her of the patient's dangerous propensities. The Court said:

Duty to warn of dangerous propensities of a patient necessarily must arise from knowledge of such propensities . . . .

73 N.M. at 305–6, 387 P.2d at 873. However, in *Kelly*, the knowledge standard set forth in *Stake* was viewed as meaning "knew or should have known".

■ Based on the above authorities we believe it is clear that liability in New Mexico for negligent hiring or retention of an employee is grounded upon the "knew or should have known" standard, and not solely upon "actual knowledge". This result is consistent with the "knew or should have known" standard applied in other areas of negligence. *See Simon v. Akin*, 79 N.M. 689, 448 P.2d 795 (1968); *Williams v. Herrera*, 83 N.M. 680, 496 P.2d 740 (Ct.App. 1972).

■ A substantial portion of the evidence in this case went to Houliston's inquiry or lack of inquiry before hiring Sanders, and to Houliston's apparent knowledge of Sanders' past criminal record. This evidence raised a factual issue as to whether Houliston exercised ordinary care in selecting Sanders as a deliveryman. This evidence is not dispositive, however, because the question of "foreseeability" or "proximate cause" must be resolved before defendant's liability can be determined. It is not enough that plaintiff prove that defendant

was negligent in hiring or retaining Sanders. In addition, plaintiff must prove that the negligent hiring or retention of Sanders was the proximate cause of the rape.

This Court has defined proximate cause in many cases, one of which is *Maestas v. Alameda Cattle Co.*, 36 N.M. 323, 14 P.2d 733 (1932). The definition has been restated in N.M.U.J.I. Civ. 12.10, N.M.S.A. 1978:

> The proximate cause of an injury is that which in a natural and continuous sequence . . . produces the injury, and without which the injury would not have occurred.

In *Bouldin v. Sategna*, 71 N.M. 329, 378 P.2d 370 (1963), this Court discussed the concept of foreseeability and proximate cause. In *Bouldin* the defendant parked his pickup truck in a parking lot and left the keys in the unlocked truck. A third person stole the pickup, ran out of gas and abandoned it in the middle of a highway. Plaintiff collided with the abandoned vehicle. The plaintiff in *Bouldin* sued the owner of the pickup claiming that the owner should have foreseen, under the circumstances, that the truck might have been stolen if left parked in the lot with the ignition keys in it; or, stated differently, that the owner's negligence in leaving the keys in the unlocked pickup was the *proximate cause* of the accident. This Court held that the defendant's negligence in leaving the keys in the unlocked truck was not the proximate cause of the accident; therefore, defendant was not liable as a matter of law. The Court stated:

> The question which we are called upon to answer may be stated thus: Is the owner of a car who leaves it unattended and without removing the key in violation of § 64–18–53, N.M.S.A.1953, liable for injuries to persons and property suffered when the car is hit after its having been abandoned on the highway by a thief who stole it?
>
> . . . . .
>
> We do not perceive theft of a car as a natural event to be foreseen by a person who is negligent in leaving his car unattended with the key in the ignition. *Much less can it be believed that such a state of facts as gave rise to the instant litigation could be remotely considered to be a natural or probable result of defendant's having left his car unlocked, or that they could have been reasonably foreseen.*
>
> . . . . .
>
> By nothing which we have said do we wish to be understood to be reflecting in any way upon our long established rule that negligence and causal connection are ordinarily a question of fact for the jury. *Ortega v. Texas-New Mexico Railway Company*, 70 N.M. 58, 370 P.2d 201. *While fully recognizing this rule, we also recognize the equally well understood rule that where reasonable minds cannot differ, the question is one of law to be resolved by the judge.* *Greenfield v. Bruskas*, 41 N.M. 346, 68 P.2d 921; *White v. Montoya*, 46 N.M. 241, 126 P.2d 471. (Emphasis added.)

*Id.* at 331, 333, 334, 378 P.2d at 371, 373.

*Marchiondo v. Roper*, 90 N.M. 367, 563 P.2d 1160 (1977) and *Hall v. Budagher*, 76 N.M. 591, 417 P.2d 71 (1966) also discuss proximate cause as it relates to the liability of employers for negligent acts of employees against third persons. Both cases considered circumstances somewhat analagous to those in this case. In *Marchiondo* this Court refused to impose civil liability upon a tavern keeper for the negligent sale of intoxicating liquor to an inebriated customer where the customer subsequently struck and killed a third party while driving home. In *Hall* a collision occurred on a highway after the owner of the car had left the defendant's premises and was on his way home. This Court held that a third person motorist could not bring an action against the tavern keeper for an automobile accident caused by an intoxicated driver whose intoxication was brought about by the sale of liquor to him in violation of state liquor regulations. Although the concepts of foreseeability and proximate cause are sometimes confused in the cases, their applicability is the same.

We must review the evidence in the light most favorable to plaintiff and disregard any evidence favorable to defendant, as the trial court is required to do when considering a motion for directed verdict. *Hayes v. Reeves*, 91 N.M. 174, 571 P.2d 1177 (1977); *Archuleta v. Pina*, 86 N.M. 94, 519 P.2d 1175 (1974). We have applied the rule here. Nevertheless, we are convinced that under the facts in this case, defendant should not be held liable under a *negligent hiring* theory for the criminal act of its employee because, as a matter of law, the act of Sanders could not have been foreseen by defendant at the time it hired Sanders. To state it another way, under the specific facts in this case, defendant's negligence, if any, in hiring Sanders, was not the proximate cause of plaintiff's injury.

The next question we address is whether the evidence presented as to the foreseeability or proximate cause of Sanders' act was sufficient to submit the case to the jury on plaintiff's *negligent retention* theory.

On August 28, 1973, Detective Leyba talked to Houliston during the course of investigating some rapes. One of these rapes occurred on August 21 or August 24, 1973. A purse belonging to a previous victim had been found in the trash area of defendant's business on August 26. Leyba suspected that a "colored person" was involved in one of the cases and had learned that the only colored person seen in the area of the residence where the incident under investigation occurred was a deliveryman for defendant.

Leyba asked Houliston if he had any colored employees, and was told there were two: Milton and Sanders. Leyba made further inquiries concerning Sanders' duties, employment and address. At no time did Leyba tell Houliston that Sanders definitely was his suspect in the case. There is additional evidence concerning the August 28 conversation between Leyba and Houliston, but it is favorable to defendant.

In summary, the evidence on the *negligent retention* theory was this: Houliston knew of Sanders' previous criminal record and was subjected to Leyba's general inquiries regarding Sanders. Leyba also mentioned to Houliston that the purse of another victim of a rape-burglary thought to have been committed by a colored person had been found in the trash area of defendant's premises.

Applying the law set forth above to the facts in this case, we do not believe that the rape of plaintiff by defendant's employee could be remotely considered to have been foreseeable by defendant or to be a natural or probable result of defendant's *retention* of its employee, Sanders.

To place liability upon the owner of a business for the *negligent hiring* or *negligent retention* of its employee under the circumstances existing in this case would go beyond what was ever intended under existing rules and principles of negligence and tort law. To hold defendant liable under the facts in this case would make every employer, including the State and all governmental subdivisions, an insurer of the safety of any person who may at any time have had a customer relationship with that employer.

By this opinion we do not foreclose all causes of action against employers based upon the negligent hiring or negligent retention of an employee. Whether the hiring or retention of an employee constitutes negligence depends upon the facts and circumstances of each case.

. The Court of Appeals opinion as to negligent hiring is affirmed. The Court of Appeals opinion as to negligent retention is reversed. The judgment of the trial court is reversed and the cause is remanded for entry of judgment for defendant.

IT IS SO ORDERED.

McMANUS, Senior Justice, and EASLEY and PAYNE, JJ., concur.

SOSA, Chief Justice (dissenting).

SOSA, Chief Justice, dissenting.

I disagree with the majority's opinion.

The issue of causal connection is, in my opinion, a question of fact for the jury. The issue of negligent retention was submitted to the jury, which found against defendant. Under this set of circumstances, I would be most hesitant to invade the province of the jury.

Therefore, I must respectfully dissent.