Bernard George McQUADE, Jr., Administrator of the Estate of Margaret Ann Ball, Deceased, Plaintiff,

v.

Marvin Michael ARNETT; Griffin Television, Inc., A Corporation, and Griffin Television, Inc., A Corporation d/b/a KWTV, Defendants.

No. CIV–81–903–D.

United States District Court, W.D. Oklahoma.

Sept. 10, 1982.

Ed Abel, Oklahoma City, Okl., for plaintiff.

Jeff R. Beeler and J. Dennis Ryan, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

This matter comes before the Court on the Motion of the Defendant Griffin Television, Inc., a corporation, and Griffin Television, Inc., a corporation, d/b/a KWTV (KWTV), for summary judgment against Plaintiff as to the Movant only. Said Motion is supported by a document, depositions and a Brief, and Plaintiff has filed a Brief supported by depositions in opposition thereto. Pursuant to Rule 56, Federal Rules of Civil Procedure, the Court has held a hearing on said Motion upon timely notice.

Having held such hearing, the Court finds that there is no genuine issue as to the following material facts: The death of the Plaintiff's Decedent, Margaret Ann Ball (Ball), was caused when an automobile, driven by Defendant Arnett, collided with Ball, a pedestrian, at approximately 1:15 a.m. on August 15, 1980, on a street in Oklahoma City. At the time of the accident Arnett was an employee of KWTV as a television news reporter, but Arnett was not then on duty for KWTV as he had signed out at 6:30 p.m. the previous day. He was driving his own automobile and not an automobile owned or provided him by KWTV at the time of the accident. There is some evidence that at the time of the accident Arnett was driving while under the influence of alcohol and had been visiting nightclubs with a friend that evening and early morning and had left the third club shortly before the accident. Some time prior to the accident involved herein, Arnett had been convicted once or twice of the offense of driving under the influence of alcohol (DUI) and at least one of his supervisors at KWTV knew of one DUI conviction.

KWTV asserts that, it is undisputed that Arnett was not on duty or in the course of his employment for Defendant when the accident occurred and that, as a matter of law, his prior conviction and knowledge thereof by Defendant cannot be considered the proximate cause of the death of Ball. Plaintiff counters this latter position by asserting that a year after the death of Ball, Arnett was again arrested or convicted of driving under the influence of alcohol after working hours and at that time, a supervisor of Arnett discussed with him the possibility of suspending or firing him due

to the potential of unfavorable publicity to KWTV, whereupon Arnett resigned. This, the Plaintiff contends, raises a fact question as to causation, as it suggests that prior to the death of Ball, as Arnett was a public figure, the Defendant KWTV exercised control over the after-hours conduct of Arnett and that it could have fired or threatened to fire him because of his drinking and driving behavior during his off hours; that it should have foreseen that failure to do so could cause grave risk of injury to persons in the position of Ball; and that Defendant's retention of Arnett in its employment was negligent.

■ The Court concludes that Plaintiff has failed to show any material question of fact on the issue presented by KWTV that Arnett was not on duty for or in the course of his employment with Defendant at the time of the accident herein making KWTV responsible under the doctrine of respondeat superior for any negligence then committed by Arnett. Though given the opportunity, Plaintiff has pointed to no evidence he possesses that Arnett was on duty and in the course of his employment for KWTV at the time of the accident.

■ The Court further concludes that the retention of Arnett in employment by KWTV after his previous conviction and knowledge thereof by KWTV, even if it was in some way negligent, violated no duty of KWTV to Ball and was neither the actual nor the proximate cause of Ball's death. The retention of Arnett by KWTV after, as the Court assumes, it learned of one or more such convictions, had no connection with Ball or the circumstances of her death and therefore was not the actual cause thereof. Further, KWTV could not have foreseen any such connection and therefore had no duty to Ball or a person in her position to exercise care to prevent the injury. Finally, as neither actual causation nor foreseeability are present, the element of proximate causation cannot be present.

■ The liability of an employer by reason of his own negligence in failing to discharge an unfit servant is an established basis of liability in Oklahoma, the State whose law is applicable in this case. *Dayton Hudson Corp. v. American Mut. Liab. Ins. Co.,* 621 P.2d 1155, at 1161 (Okl.1980); 53 Am.Jur.2d, Master and Servant, § 422 at 436–437 (1970). Of course, a plaintiff does not need to assert a theory of negligent hiring or retention of an employee if liability under respondeat superior is available unless he seeks punitive damages for gross negligence, as in *Dayton Hudson Corp. v. American Mut. Liab. Ins. Co., supra.* But, in every such case, proximate causation is an essential element of the plaintiff's case. 53 Am.Jur.2d, Master and Servant, § 422, *supra; F & T Co. v. Woods,* 92 N.M. 697, 594 P.2d 745 (1979).[1] The question of proxi-

---

1. In *F & T Co.,* the New Mexico Supreme Court held that the trial court erred in failing to direct a verdict for the defendant on the theory of negligent retention. There, evidence that the employer either knew of the employee's criminal record or failed to inquire sufficiently in regard to it was held to raise a factual issue as to whether ordinary care was exercised in hiring the employee. 594 P.2d at 747. But, as no evidence was adduced that the employer knew that the police definitely suspected the employee of a prior rape, the court held that the rape of plaintiff could not

"be remotely considered to have been foreseeable by defendant or to be a natural or probable result of defendant's *retention* of its employee, Sanders." 594 P.2d at 749. [Emphasis in original]

Hence, *F & T Co. v. Woods* turned on the question of foreseeability, the element that gives a cause its proximateness. The instant case turns on the fact that there is no actual or

"but for" causation. In *F & T Co.* the evidence of actual causation was that the man who entered the plaintiff's apartment without her permission and raped her was employed by the defendant as a deliveryman and had, a few days earlier, delivered a television set to the plaintiff's apartment. There was evidence of causation in fact, as the injury might not have happened but for the fact that the defendant employed the deliveryman and put him in contact with the plaintiff. But in the instant case, no evidence tends to show that Arnett's employment by KWTV was connected in any way with the death of Ball. The existence of such a connection is the logical prerequisite to the idea that the employer might have foreseen that retention could cause the injury. And, unless such foreseeability is present, there is, of course, no proximate causation, and the employer has no duty to a person in the position of Ball, and as there is no duty to Ball there is

**14**

mate cause can be a matter of law, as in *Haworth v. Mosher,* 395 F.2d 566 (10th Cir. 1968), but if there is any competent evidence from which it may be determined, it is a question for the jury to decide, *Henryetta Constr. Co. v. Harris,* 408 P.2d 522 (Okl.1965). Applying this rule to the circumstances of the instant case, the Court concludes that as to movant the question of proximate cause is a matter of law for the Court to decide; that no evidence has been pointed to by Plaintiff which the Court believes to be competent upon which a jury might find that movant's retention of Arnett proximately caused the death of Plaintiff's Decedent.

Summary judgment should be granted to Defendant Griffin Television, Inc., a corporation, and Griffin Television, Inc., a corporation d/b/a KWTV, dismissing Plaintiff's action as to said Defendant only.

IT IS SO ORDERED this 10th day of September, 1982.

no connection between Ball's injury and any negligence of KWTV in failing to discharge Arnett. As the court indicated in *F & T Co. v. Woods,* 594 P.2d at 749, an employment rela-

tion alone does not make the employer insure that the employee will never cause injury to anyone at any time.