This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**RICHARD ROSS BOWEN,**

 Plaintiff-Appellant,

v.               **NO. 29,625**

**MESCALERO APACHE TRIBE,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

The Perrin Law Firm
Doug Perrin
Ruidoso, NM

for Appellant

Keleher & McLeod, P.A.
David W. Peterson
Thomas C. Bird
Javier Junco
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

Plaintiff, Richard Bowen, appeals the district court's dismissal and grant of summary judgment in favor of Defendant, Mescalero Apache Tribe. The district court ruled that Defendant was entitled to dismissal for lack of subject matter jurisdiction due to sovereign immunity. The district court also granted Defendant's motion for summary judgment on Plaintiff's negligent hiring and retention claim holding that Plaintiff failed to demonstrate duty and proximate cause. We reverse the district court on the waiver of sovereign immunity issue. However, we affirm its grant of summary judgment for lack of duty and proximate cause on the negligent hiring and retention claim.

**BACKGROUND**

Plaintiff played cards at Defendant's Travel Center Gaming Casino (Casino) on the evening of January 9, 2006, and early morning hours of January 10, 2006. Defendant's employee, Michael Gray, worked as a card dealer, and he dealt cards to Plaintiff that night. Over the course of the evening, Plaintiff won approximately $11,000. After the Casino closed, Plaintiff talked with Gray and later accepted a ride home from Gray. Gray returned to Plaintiff's home the following evening, viciously beat Plaintiff, and stole his gaming winnings. Additional facts relevant to the issues are discussed in the opinion below.

Plaintiff filed a complaint in district court against Defendant, alleging that Defendant was negligent in its hiring and retention of Gray. Defendant filed a motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity and a motion for summary judgment on the absence of duty and proximate cause. The district court granted both motions. Plaintiff appeals, arguing that Defendant expressly waived sovereign immunity with respect to the allegations in his complaint and that the district court erred in granting summary judgment on Plaintiff's negligent retention claim. We address each issue in turn.

**SOVEREIGN IMMUNITY**

Plaintiff contends that the district court erred in granting Defendant's Rule 1-012(B)(1) NMRA motion to dismiss based on Defendant's claim of sovereign immunity. We apply a de novo standard to appeals from both dismissals on Rule 1-012(B)(1) motions and to determinations regarding sovereign immunity. *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 6, 132 N.M. 207, 46 P.3d 668 ("In reviewing an appeal from an order granting or denying a motion to dismiss for lack of jurisdiction, the determination of whether jurisdiction exists is a question of law which an appellate court reviews de novo.").

It is well established that Indian tribes have immunity from suit. *Hoffman v. Sandia Resort & Casino*, 2010-NMCA-034, ¶ 12, 148 N.M. 222, 232 P.3d 901, *cert.*

3

*denied*, 131 S.Ct. 227 (2010). In this case, the parties do not dispute that Defendant is a federally recognized Indian tribe. Immunity, however, is not absolute. *See Gallegos*, 2002-NMSC-012, ¶ 12. A suit against a sovereign tribe may proceed either when Congress has abrogated sovereign immunity by statute or when the tribe itself has waived immunity. *Kosiba v. Pueblo of San Juan*, 2006-NMCA-057, ¶ 7, 139 N.M. 533, 135 P.3d 234. Thus, our courts have subject matter jurisdiction to hear cases against a tribe only when the tribe's sovereign immunity has either been abrogated or waived. *Antonio v. Inn of the Mountain Gods Resort & Casino*, 2010-NMCA-077, ¶ 9, 148 N.M. 858, 242 P.3d 425, *cert. denied*, 2010-NMCERT-007, 148 N.M. 610, 241 P.3d 611; *see Doe v. Santa Clara Pueblo*, 2007-NMSC-008, ¶ 27 n.6, 141 N.M. 269, 154 P.3d 644 ("A waiver of immunity in state court inherently involves a state court's subject matter jurisdiction, and immunity waiver claims are often phrased as subject matter jurisdiction claims."); *Hoffman*, 2010-NMCA-034, ¶ 12 ("A tribe may waive its sovereign immunity, but such waivers must be express and unequivocal." (internal quotation marks and citation omitted)).

Plaintiff asserts that Defendant waived sovereign immunity when it entered into an Indian Gaming Compact (Compact) and agreed to protect visitors to its Casino. The Compact is a contract between the State of New Mexico and a federally recognized Indian tribe in New Mexico that sets forth the conditions under which a

4

tribe may conduct gaming on reservation land. *Hoffman*, 2010-NMCA-034, ¶ 13. Pursuant to Section 8A of the Compact,

> [t]he safety and protection of visitors to a Gaming Facility is a priority of the Tribe, and it is the purpose of this Section to assure that any such persons who suffer bodily injury or property damage proximately caused by the conduct of the Gaming Enterprise have an effective remedy for obtaining fair and just compensation. To that end, in this Section, and subject to its terms, the Tribe agrees to carry insurance that covers such injury or loss, agrees to a limited waiver of its immunity from suit, and agrees to proceed either in binding arbitration proceedings or in a court of competent jurisdiction, at the visitor's election, with respect to claims for bodily injury or property damage proximately caused by the conduct of the Gaming Enterprise. For purposes of this Section, any such claim may be brought in state district court, including claims arising on tribal land, unless it is finally determined by a state or federal court that IGRA does not permit the shifting of jurisdiction over visitors' personal injury suits to state court.

This section of the Compact unambiguously expresses a waiver of sovereign immunity for personal injury claims brought by Casino patrons. *R&R Deli v. Santa Ana Star Casino*, 2006-NMCA-020, ¶ 21, 139 N.M. 85, 128 P.3d 513. There are two conjunctive elements to meet the waiver. *Kosiba*, 2006-NMCA-057, ¶ 10. First, the plaintiff must suffer bodily injury or property damage. *Id.* Second, that injury or damage must have been caused by the conduct of the Gaming Enterprise. *Id.* Because the waiver provision refers to the "claims of bodily injury . . . proximately caused by the conduct of the Gaming Enterprise," a complaint alleging that a plaintiff suffered bodily injury and that the injury was proximately caused by the tribe will satisfy the

5

provisions required for a waiver. *Guzman v. Laguna Dev. Corp.*, 2009-NMCA-116, ¶¶ 1, 17, 147 N.M. 244, 219 P.3d 12 (internal quotation marks and citation omitted), *cert. denied*, 2009-NMCERT-009, 147 N.M. 421, 224 P.3d 648.

Thus, we turn to Plaintiff's complaint to determine if his claim alleges the two conjunctive requirements to satisfy the waiver provision. In reviewing the complaint on a motion to dismiss for lack of subject matter jurisdiction, our appellate courts "accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party." *Forest Guardians v. Powell*, 2001-NMCA-028, ¶ 5, 130 N.M. 368, 24 P.3d 803; *Guzman*, 2009-NMCA-116, ¶ 16.

In his complaint, Plaintiff alleged the following. Plaintiff went to the Casino operated by Defendant in Lincoln County on the evening of January 9, 2006. Plaintiff won over $11,000. Defendant employed Michael Gray as a card dealer. Gray knew of Plaintiff's winnings "by virtue of [his] employment at the [C]asino." Gray paid special attention to Plaintiff when he became aware of Plaintiff's winnings. Plaintiff accepted a ride home from Gray. Gray returned to Plaintiff's home the following day, attacked him with a blunt instrument, and stole Plaintiff's winnings, leaving him for dead. Plaintiff suffered a huge loss of blood from injuries to his head and face. Plaintiff's face remained disfigured after multiple surgeries to reconstruct it, and he has suffered neurological injuries. Gray had been under indictment for assault in a

6

neighboring county when he was hired and working at the Casino. Defendant was negligent in employing Gray, and its employment of Gray "carried with it a risk of foreseeable harm to the gaming public." Defendant's "failure to promulgate and enforce proper policies and procedures to protect Plaintiff and other gaming customers from predators" constituted negligence, and "[a]s a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff was injured."

In summary, the allegations in Plaintiff's complaint state that he was a visitor to the Casino, that he was injured, and that his injury was proximately caused by the negligence of Defendant. Accepting these allegations as true and construing the complaint in favor of Plaintiff, we conclude that he has sufficiently pled the requisite elements to establish that Defendant waived sovereign immunity for the Plaintiff's personal injury claim pursuant to Section 8 of the Compact. *See Guzman*, 2009-NMCA-116, ¶¶ 17-19 (relying on the allegations in the complaint to determine that the plaintiffs sufficiently pled that a deceased employee was a visitor to satisfy a waiver of sovereign immunity for purposes of the Compact when they pled that he remained on premises after clocking out and was later in a car accident).

Defendant urges us to adopt a different standard for factual challenges to subject matter jurisdiction. It argues that the district court should be permitted to make factual findings related to subject matter jurisdiction and that this Court should

7

afford deference to the district court's findings when they are supported by substantial evidence. *See Valenzuela v. Singleton*, 100 N.M. 84, 90-91, 666 P.2d 225, 231-32 (Ct. App. 1982) (Donnelly, J., dissenting); *S. Union Gas Co. v. N.M. Pub. Util. Comm'n*, 1997-NMSC-056, ¶¶ 23, 27, 124 N.M. 176, 947 P.2d 133 (Minzner and McKinnon, J.J., dissenting). We decline to adopt this standard for factual challenges to subject matter jurisdiction because the language regarding waiver of sovereign immunity under the Compact specifies that immunity is waived for those claims of bodily injury or property damage proximately caused by the Gaming Enterprise. Therefore, based on the clear language in the Compact, we only need to review the claims a plaintiff has alleged in a complaint to determine whether a plaintiff has sufficiently pled bodily injury or property damage proximately caused by the conduct of the Gaming Enterprise. If the plaintiff has sufficiently pled such a claim, then there is waiver of sovereign immunity through the Compact for that claim.

Defendant also argues that Plaintiff failed to demonstrate proximate cause in the context of the Compact's limited waiver. Specifically, Defendant contends that the term "proximate cause" is ambiguous and therefore requires resolution in favor of the tribe. Defendant further relies on *F & T Co. v. Woods*, 92 N.M. 697, 594 P.2d 745 (1979) for its argument that Defendant's conduct was not the "proximate cause" of Plaintiff's injuries, as those words are used in the Compact. We are not persuaded.

*F & T Co.* does not deal with issues of sovereign immunity, and Defendant has pointed us to no case in which a plaintiff must first demonstrate "proximate cause" in order to avail himself of the Compact's waiver provision. We conclude it is unnecessary for Plaintiff to demonstrate proximate cause to establish a waiver of sovereign immunity in the Compact in this case. To establish a waiver of sovereign immunity for Plaintiff's claims, Plaintiff needed only to sufficiently plead that the injury was proximately caused by Defendant. Plaintiff did so.

Defendant further contends that the terms of the Compact dictate that there is no waiver of sovereign immunity for those injuries that occur outside of the gaming facility. Defendant cites to Section 4A.2 of the Compact that provides "The Tribal Gaming Agency will assure that the Tribe will . . . provide for the physical safety of patrons in any Gaming Facility" to argue that the waiver does not apply to extra-territorial injuries. Defendant argues that this language limits the applicability of the waiver to those injuries occurring "in any Gaming Facility." We disagree. First, we note that Defendant has not provided any authority for this assertion. Furthermore, the plain language of the waiver provision contained in Section 8 does not limit its application to claims for injuries occurring in a Gaming Facility. Rather, Section 8 provides a waiver for "visitors to the Gaming Facility" that suffer an injury caused by the Gaming Enterprise. Plaintiff sufficiently pled that he was a "visitor[] to a Gaming

9

Facility" who suffered a bodily injury proximately caused by the conduct of the Gaming Enterprise.

We are also not persuaded by Defendant's argument that a comparison of the 1997 version of the Compact and the 2004 version supports its conclusion that the waiver is inapplicable to Plaintiff's claims in this case. Specifically, Defendant argues that the phrase "occurring outside of the Gaming Facility but arising from the activities of the Gaming Enterprise" which was present in the 1997 version but is absent from the 2004 waiver provision, indicates that the Compact was amended to make the waiver inapplicable to claims for injuries occurring outside of the gaming facility. NMSA 1978, § 11-13-1(8)(A)(3) (1997). Again, Defendant provides no support for this assertion, and we will not infer an intent to limit the waiver's applicability to injuries occurring "in" a Gaming Facility.

Finally, we observe that Defendant's interpretation conflicts with our recent cases that have allowed claims for physical injury to proceed when the plaintiff alleged that he was a visitor to a Gaming Enterprise, that he was injured outside the gaming facility, and that his injury was caused by the Gaming Enterprise. *See Mendoza v. Tamaya Enters., Inc.*, 2010-NMCA-074, ¶¶ 2, 24, 148 N.M. 534, 238 P.3d 903 (concluding that the district court had jurisdiction over the parties and dispute through the provision relating to waiver of sovereign immunity in the Compact when

three patrons to a casino who had been served alcohol at the casino were involved in a car crash after leaving the casino), *cert. granted*, 2010-NMCERT-008, 148 N.M. 943, 242 P.3d 1289; *see also Guzman*, 2009-NMCA-116, ¶¶ 3, 17 (holding that the plaintiffs had sufficiently pled that a clocked-out employee who died on his way home from work was a "visitor" to the casino within the terms of the Compact to waive immunity from suit for the plaintiffs' wrongful death action). Although these cases have not directly held that the waiver of sovereign immunity applies to injuries occurring outside of a Gaming Enterprise, it is clear that we have not restricted the waiver of sovereign liability to on-premises injuries.

To the extent that Defendant argues that Plaintiff's negligent hiring claim must fail because the Gaming Commission, which makes suitability determinations for the licensure of key employees, is immune from suit, we agree. In fact, Plaintiff concedes as much by noting that "this is a negligent retention case more than it is a negligent hiring case."

Plaintiff has properly pled the conjunctive elements of waiver required by the Compact. Consequently, Defendant's sovereign immunity from suit has been waived, and the district court improperly granted Defendant's motion to dismiss for lack of subject matter jurisdiction. Because we decide this issue in Plaintiff's favor, we need

not address his alternative argument that he was a third-party beneficiary of the Compact.

**NEGLIGENT RETENTION CLAIM**

Plaintiff's complaint stated claims for both negligent hiring and negligent retention. The district court granted Defendant's summary judgment motion on these claims, concluding that Defendant owed no duty to protect Plaintiff from the criminal acts of its employee. Relying on *Ciup v. Chevron U.S.A., Inc.*, 1996-NMSC-062, ¶ 5, 122 N.M. 537, 928 P.2d 263, the district court properly noted that the general negligence rule provides that "a person does not have a duty to protect another from harm caused by the criminal acts of third persons unless the person has a special relationship with the other giving rise to a duty." Plaintiff disagrees and contends that an issue of fact exists and, therefore, the district court improperly granted summary judgment as to the issue of whether Defendant owed Plaintiff a duty to protect him from the criminal acts of Gray.

We review an appeal from the grant of a motion for summary judgment de novo as it presents a question of law. *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter

of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. In reviewing a motion for summary judgment, we consider all facts in the light most favorable to the party opposing the motion and consider any reasonable inference that would support a trial on the merits. *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 12, 135 N.M. 539, 91 P.3d 58. If conflicting but reasonable inferences can be drawn from basic material facts that are undisputed, then summary judgment is not proper. *Marquez v. Gomez*, 116 N.M. 626, 631, 866 P.2d 354, 359 (Ct. App. 1991).

As we have noted above, although Plaintiff's complaint raised both negligent hiring and negligent retention claims, he concedes on appeal that his claim hinges on Defendant's retention of Gray as an employee, rather than on the initial hiring of Gray. Accordingly, we only address the claim of negligent retention. "Negligent retention occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his [or her] unfitness, and the employer fails to take further action such as investigating, discharge or reassignment." *Spencer v. Health Force, Inc.*, 2005-NMSC-002, ¶ 22, 137 N.M. 64, 107 P.3d 504 (internal quotation marks and citation omitted); *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 28, 142 N.M. 583, 168 P.3d 155.

As with ordinary negligence claims, negligent retention claims require that a plaintiff prove duty, breach, causation, and damages. *Lessard*, 2007-NMCA-122, ¶ 27.

The district court in this case determined that Defendant owed no duty to protect Plaintiff from the criminal acts of Gray. The existence of a duty is typically a question of law that we review de novo. *Romero v. Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 6, 146 N.M. 520, 212 P.3d 408, *cert. denied*, 2009-NMCERT-005, 146 N.M. 728, 214 P.3d 793. However, under certain circumstances, the issue may become one for a factfinder where certain factual inquiries are necessarily part of the determination. *See Pollock v. State Highway and Transp. Dep't*, 1999-NMCA-083, ¶ 20, 127 N.M. 521, 984 P.2d 768 ("Although the existence of a duty is decided as a matter of law by the court, the extent of that duty in the factual context of a given case is a question for the factfinder.").

In New Mexico, a common law duty has been imposed on employers to protect "members of the public whom the employer might reasonably anticipate would be placed in a position of risk of injury as a result of the [employee's retention]." *Lessard*, 2007-NMCA-122, ¶ 30 (internal quotation marks and citation omitted). The duty may extend to protection of the public from harm caused by criminal acts of third parties, if such harm is foreseeable, even though there is generally no such duty in ordinary negligence law. *See Romero*, 2009-NMCA-059, ¶ 7 (concluding that a

14

special relationship between businesses and their patrons imposes a duty to protect those patrons from criminal conduct of third parties).  In addition to being limited to those harms that are reasonably foreseeable, the duty to protect the public from the criminal acts of third parties is also limited by public policy considerations. *Id.*; *see also Lessard*, 2007-NMCA-122, ¶ 30 (explaining that determining whether a duty exists requires two steps:  the first step is to consider whether there was foreseeability as to a particular plaintiff and a particular harm, and the second step is to examine whether public policy reasons support the imposition of a duty).

Our courts have had the opportunity to address issues of duty and foreseeability in the context of negligent hiring and retention claims on several occasions.  In *F & T Co.*, 92 N.M. at 701, 594 P.2d at 749, our Supreme Court held that an employer was not expected to foresee that an off-duty deliveryman would rape a customer at her home.  In that case, even though the employer knew of the employee's past criminal conduct and had answered general questions by police officers conducting an investigation relating to another rape, the Court determined that the employee's criminal conduct was not foreseeable because the facts of the case established that the rape occurred off the business premises while the employee was off-duty, and there were no specific indications of violent behavior on the part of the employee.  *Id.* Because no evidence had been introduced in the case to establish that the rape was

15

foreseeable, the district court properly granted a directed verdict for the defendant employer. The *F & T Co.* Court made clear that it was equating the proximate cause requirement imposed with a foreseeability requirement. The Court noted that, as a matter of law, to hold an employer liable under the circumstances in that case would make every employer "an insurer of the safety of any person who may at any time have had a customer relationship with that employer." *Id.*

Two cases have held that sufficient evidence was introduced to entitle the plaintiffs negligent hiring and retention claims to reach the jury. In *Pittard v. Four Seasons Motor Inn, Inc.*, 101 N.M. 723, 726, 688 P.2d 333, 336 (Ct. App. 1984), a young boy was sexually assaulted by an on-duty employee of the defendant hotel. In contrast to *F & T Co.*, the *Pittard* court noted that evidence was submitted that the employee was on the business premises and on duty at the time of the assault. *Pittard*, 101 N.M. at 730, 688 P.2d at 340. Moreover, the employee admitted to having a drinking problem during his employment with the defendant, of being violent when he drank, and of being drunk while on duty on the day he assaulted the boy. *Id.* Accordingly, there was evidence from which a jury could find that the defendant was aware or should have been aware that its employee had a drinking problem and had a propensity for violence. *Id.* Similarly, in *Valdez v. Warner*, 106 N.M. 305, 308, 742 P.2d 517, 520 (Ct. App. 1987), we held that a trial on the merits was necessary to

16

resolve the factual issue of whether an assault or battery by a bar employee upon a customer was foreseeable. There was evidence in the case that the defendant had previously physically assaulted the bar owner's son, and that the bar owner knew the employee had been banned in the past from the bar for fighting, and that he was involved in other physical altercations. *Id.* Thus, the employee's background of violent behavior and the fact that he was in a job where he would be in constant contact with the public, was enough to support an instruction on negligent hiring and retention. *Id.*

This case is more closely analogous to the facts in *F & T Co.* The undisputed facts establish that Michael Gray applied to work at the Casino in November 2004. Prior to submitting his application for employment, Gray had charges filed against him for aggravated battery against a household member. As Gray noted on his application form, those charges were dismissed. After Gray's application and licensure and while he was employed at the Casino, charges were refiled on December 14, 2004, against Gray for aggravated assault and reckless driving. After a trial in August 2005, a jury acquitted Gray of the aggravated assault charge and convicted him only on reckless driving. There is no evidence in the record that Defendant knew of the aggravated assault charges, that Gray went to trial, or that the jury acquitted him of aggravated assault. During his employment at the Casino, Gray had a verbal

17

dispute with a fellow employee over the lack of condiments for a baked potato. Defendant investigated this incident through conversations with other employees and witnesses. Gray was temporarily suspended for the incident and apologized.

Plaintiff argues that the criminal charges filed against Gray and the incident in the cafeteria raise a question of fact regarding whether Defendant negligently retained Gray as an employee. We disagree and conclude that Gray's decision to return to Plaintiff's residence to rob and beat Plaintiff after having given him a ride home some sixteen hours earlier was not foreseeable to Defendant as a matter of law. Plaintiff has presented no evidence that Defendant knew or should have known that Gray might commit such a violent crime against a Casino patron. The Casino did not know about the aggravated assault charge or that Gray had been acquitted of that charge while he was employed. Further, a single incident involving a verbal altercation related to a baked potato does not put an employer on notice that an employee is likely to return to a patron's residence in order to steal or physically attack him. *Cf. Pittard*, 101 N.M. at 730, 688 P.2d at 340 (concluding that there was evidence that a jury could find that an employer "was aware or should have been aware that [its employee] had a drinking problem and a propensity for violence" when the employee had been involved in two incidents involving violence and inebriation on employer's property prior to a suit arising from a sexual assault); *Valdez*, 106 N.M. at 308, 742 P.2d at 520

18

(reasoning that sufficient evidence was presented that the employer had notice of employee's drinking problems and violent propensities making foreseeability of harm a possibility).  Here, evidence of Defendant's knowledge is significantly less than it was in *F & T Co.* where our Supreme Court held that as a matter of law an employer could not have foreseen its employee's sexual assault of a customer despite the employer's knowledge of its employee's criminal background, its knowledge that evidence related to a crime was found in the employer's trash can, and its awareness that a police officer had been making inquiries related to its employee.  92 N.M. at 701, 594 P.2d at 749.

To the extent that Plaintiff argues that Gray's conduct was foreseeable based on a time line of events recorded by Casino security video cameras on the night in question, we are similarly not persuaded.  Plaintiff contends that the time line demonstrates that Gray "stalked" Plaintiff at the Casino on the evening of January 9, 2006, and into the morning hours of January 10, 2006.  The time line notes that Plaintiff and Gray had several conversations over the course of the evening.  It also states that at least a few of these conversations appear to be about the rules of the game of blackjack and that these interactions occurred when Gray was dealing cards to Plaintiff.  Finally, the video cameras establish that Plaintiff and Gray were around one another at several points throughout the evening and that when Plaintiff

eventually left the Casino, he got in Gray's truck and "[headed] back towards Ruidoso."

Because the video tape summaries only establish that Plaintiff and Gray were around one another and had several conversations over the course of the evening, we conclude that no reasonable juror could find that this series of conversations and interactions amounted to stalking or that Gray paid any undue attention to Plaintiff. *See Cates v. Regents of N.M. Inst. of Mining & Tech.*, 1998-NMSC-002, ¶ 9, 124 N.M. 633, 954 P.2d 65 (holding that summary judgment is proper when there is no evidence raising a reasonable doubt that a genuine issue of material fact exists). Moreover, the mere fact that Gray and Plaintiff interacted over the course of the evening does not establish that Defendant is liable under a theory of negligent retention.

Plaintiff also argues that if Defendant properly and continuously investigated its employees' backgrounds for criminal activity, it would have learned about Gray's propensity for violence. In addition, Plaintiff asserts that Defendant could have learned of the assault charges against Gray from two other Casino employees who happened to be related to Gray and had knowledge of the charges filed against him during his employment. We initially noted that Gray was acquitted of the assault charge against him. Therefore, even if Defendant knew that Gray had been charged with assault, the fact that he was acquitted of the charge would not have made his

conduct in this case foreseeable. Nevertheless, with regard to Plaintiff's contention that Defendant owed a duty to continually investigate its employees backgrounds for criminal activity, we note that Plaintiff does not cite to any authority or legislative policy to support this contention. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). We also disagree that the knowledge of two employees establishes that the injury to Plaintiff was foreseeable to the Defendant. Plaintiff argues that there is no evidence that either of those relatives were reprimanded or disciplined for their failure to report. Whether there is evidence that those employees were or were not reprimanded for their non-disclosure does not establish that Plaintiff's injuries were foreseeable to Defendant.

Accordingly, we conclude that based on the undisputed facts, there is no evidence to establish that Plaintiff's injury was foreseeable to Defendant as a matter of law. Plaintiff accepted a ride home with Gray in the early morning hours of January 10, 2006. Gray dropped Plaintiff off and returned to Plaintiff's apartment approximately sixteen hours later. Plaintiff invited Gray into his apartment and offered him a drink. Shortly thereafter, Gray beat Plaintiff and stole his money. Under the facts of this case, we determine that Gray's conduct was not foreseeable and that, therefore, Defendant had no duty to protect Plaintiff.

21

**CONCLUSION**

For the foregoing reasons, we conclude that the district court erred in finding that Defendant's sovereign immunity was not waived for Plaintiff's claim. Nevertheless, we affirm the grant of summary judgment because Defendant had no duty to protect Plaintiff from Gray's criminal acts when those acts were unforeseeable.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**