1998-NMCA-109

963 P.2d 566

**Diane Louise SOUTHWORTH,
Plaintiff–Appellee,**

**v.**

**SANTA FE SERVICES, INC.,
Defendant–Appellant.**

No. 17893.

Court of Appeals of New Mexico.

July 14, 1998.

**490**

Nathaniel V. Thompkins, Law Office of Daniel J. O'Friel, Ltd., Santa Fe, for Plaintiff–Appellee.

Richard S. Mackenzie, Santa Fe, for Defendant–Appellant.

## OPINION

ARMIJO, Judge.

{1} Santa Fe Services, Inc. (Employer) appeals from the district court's order granting summary judgment in favor of Diane Louise Southworth (Employee) and directing entry of judgment in her favor in the amount of $2,988, plus costs and attorney fees. On appeal, Employer argues that the district court erred by: (1) applying the wrong standard of review; (2) giving preclusive effect to the findings of the Labor Law Administrator (Administrator) in a prior administrative proceeding at which Employer was not given a full and fair opportunity to litigate the matter; and (3) granting summary judgment when there are material facts in dispute. Because we determine that the Administrator's findings may not be given preclusive effect in the district court, and there are disputed material facts which preclude summary judgment, we reverse and remand to the district court for further proceedings consistent with this opinion.

## I. BACKGROUND

{2} Employer is a temporary services company located in Santa Fe, New Mexico.

In January 1994, Employee was hired as an administrative assistant to the office manager of the temporary services division, which is one of several divisions of the corporation. The collections and receivables division was created in June 1994, and Employee was assigned responsibilities for that division in addition to her work for the temporary services division. Employee resigned from her position with Employer effective April 30, 1995.

{3} In June 1995, Employee filed a "statement of wage complaint" with the Director of the Labor and Industrial Division of the New Mexico Department of Labor (Division), claiming that Employer owed her vacation pay and overtime compensation. Employer filed an answer with the Division, and Employee's claims were referred to the Administrator, who held a hearing on the matter in August 1995. Employee, who was represented by an attorney at the hearing, testified on her own behalf. In addition, she called a witness to testify on her behalf. Employer was represented by its president, Don Woodin. Mr. Woodin and another high-ranking employee, R. Gregory Green, also testified at the hearing. In September 1995, the Administrator issued written findings which determined that Employer owed Employee $1,014 in unpaid overtime and $480 in unpaid vacation pay, for a total of $1,494.

{4} In October 1995, Employee filed a complaint in the district court. Finally, we note that since Employee's wage claim was not assigned to the Division for prosecution, the Division was not a party to the proceedings in the district court, nor is the Division a party to this appeal. In addition to her claim for vacation pay and overtime compensation, Employee sought liquidated damages and attorney fees pursuant to NMSA 1978, Section 50–4–26(B) (1967). In March 1996, Employee moved for summary judgment. In her memorandum in support of her motion, she argued, among other things, that the doctrine of collateral estoppel applied and that Employer could not relitigate her entitlement to overtime wages and vacation pay.

{5} In response, Employer argued that the Administrator's findings should not be applied to preclude Employer from litigating

the overtime and vacation pay claims in district court. Employer pointed to deposition testimony in which the Administrator stated that she found Employee was not an exempt executive employee but may not have considered whether Employee might be an exempt administrative employee. Based on this statement, Employer argued that Employee was in fact a bona fide administrative employee as that term is defined by 29 C.F.R. Section 541.2 (1997), and, therefore, was not entitled to compensation for overtime. In addition, Employer argued that it had attempted to gain an administrative review or appeal of the Administrator's decision and was told that the Administrator had closed the case. Employer did not pursue an appeal of the Administrator's decision.

{6} The district court held a hearing and granted Employee's motion for summary judgment. The district court indicated that all the facts had been fully and fairly litigated before the Administrator, and there was nothing left for the district court to decide. A finding to this effect was made. This appeal followed.

{7} We note that Employer filed its notice of appeal before the proceedings concerning costs and attorney fees were fully resolved. Thus, there are no issues before this Court concerning the award of costs and attorney fees.

## II. DISCUSSION

### A. *Standard of Review in District Court*

■ {8} The parties disagree about whether the district court proceeding was a separate, independent action or an appeal from the findings of the Administrator. Employer contends that because it was allowed no mechanism for obtaining judicial review of the Administrator's findings, the district court was required to treat the action initiated by Employee in district court as if it were an appeal by conducting a whole-record review of the administrative proceedings. Employee contends that the district court was not required to review the whole administrative record in this manner because Em-

ployer did not appeal the Administrator's findings.

{9} We begin our analysis of these contentions by noting that New Mexico's labor statutes, NMSA 1978, §§ 50–1–1 to –9 (1931, as amended through 1993); 50–4–1 to –30 (1937, as amended through 1996), do not specifically provide the Division with the authority to issue judgments or warrants for the collection of wages due. Rather, these statutes simply allow the Division to prosecute a wage collection action in magistrate court or district court if it determines that an employee's wage claim is "valid and enforceable." Sections 50–1–3, 50–4–8, 50–4–11, 50–4–26. Under this statutory scheme, an employer could reasonably believe that the administrative hearing functions solely as a screening device to allow the Administrator to make a preliminary determination about whether an employee's claim has enough merit to justify pursuing an enforcement action in court on that employee's behalf. If the Administrator initially determines that an employee has a valid claim, then nothing would prevent the employer from paying the claim at that time and thereby avoiding the risk of prolonged and expensive litigation in court, at a later time. However, an employer who does not agree to pay the employee's claim could still reasonably expect to have its day in court regardless of the Administrator's initial determination.

{10} The statutory scheme for wage claims is silent with respect to the procedure for appealing the Administrator's findings, and we have previously determined that the Court of Appeals is not authorized by law to directly review decisions of the Administrator concerning wage claims. *See Eastern Indem. Co. v. Heller*, 102 N.M. 144, 146, 692 P.2d 530, 532 (Ct.App.1984).

{11} In some instances where there is no statutory basis for obtaining judicial review of an administrative action, we have recognized the power of the district courts to issue writs of certiorari in exercise of their jurisdiction over inferior courts or tribunals under Article VI, Section 13 of the New Mexico Constitution. *See, e.g., Littlefield v. State ex rel. Taxation & Revenue Dep't*, 114 N.M. 390, 393, 839 P.2d 134, 137 (1992). However,

in this case neither Employer nor Employee timely filed a petition for such a writ. *Cf. Roberson v. Board of Educ.,* 78 N.M. 297, 299–300, 430 P.2d 868, 870–71 (1967) (notice of appeal insufficient to initiate review by certiorari where record discloses "total absence of any pleading which remotely approximates a petition or which contains any of the elements required as a minimum to merit such a description"). Rather, Employee filed a separate, independent action under Section 50–4–26(B) to recover unpaid wages, liquidated damages, costs, and reasonable attorney fees. This independent action is not a substitute for an appeal and we determine that the district court is not required to apply the whole-record standard of review.

## B. *Preclusive Effect of Administrator's Findings*

■ {12} We next consider Employee's claim that the Administrator's findings should be given preclusive effect in the district court. The New Mexico Supreme Court has adopted the general principle that the findings of an administrative body may be given preclusive effect in later civil trials if, in addition to meeting the traditional elements of the preclusion doctrine at issue, it is shown that the administrative body: (1) while acting in a judicial or quasi-judicial capacity, (2) resolved disputed questions of fact properly before it, and (3) provided the parties with a full and fair opportunity to litigate the issue at an administrative hearing. *Shovelin v. Central N.M. Elec. Coop.,* 115 N.M. 293, 298, 850 P.2d 996, 1001 (1993) (quoting *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)); *see also Amoco Prod. Co. v. Heimann,* 904 F.2d 1405, 1414–17 (10th Cir.1990).

■ {13} Although we review the district court's application of a preclusion doctrine for an abuse of discretion, *see Shovelin,* 115 N.M. at 297, 850 P.2d at 1000, our review must be particularly vigilant where the administrative proceedings at issue tend to be informal with fewer procedural safeguards. *See Rex, Inc. v. Manufactured Hous. Comm.,* 119 N.M. 500, 505, 892 P.2d 947, 952 (1995). Further, it is the burden of the party

invoking a preclusion doctrine, in this case Employee, to introduce sufficient evidence for the court to rule on whether that doctrine is applicable. *See Silva v. State,* 106 N.M. 472, 476, 745 P.2d 380, 384 (1987); *International Paper Co. v. Farrar,* 102 N.M. 739, 742, 700 P.2d 642, 645 (1985). In this case, we determine that Employee failed to meet her burden with respect to the threshold issue of whether the Administrator acted in a quasi-judicial capacity to resolve disputed questions of fact properly before it.

■ {14} Preclusion doctrines do not apply to the findings of an administrative body unless that body was acting in a quasi-judicial capacity. *See Heimann,* 904 F.2d at 1414–17. A quasi-judicial administrative action is one that possesses certain "trappings required by due process, e.g., notice, hearing, and opportunity to present witnesses." *Rainaldi v. Public Employees Retirement Bd.,* 115 N.M. 650, 653, 857 P.2d 761, 764 (1993); *see also State ex rel. Battershell v. City of Albuquerque,* 108 N.M. 658, 662–63, 777 P.2d 386, 390–91 (Ct.App.1989) (witnesses must be sworn and subject to cross-examination); *Duke City Lumber Co. v. New Mexico Envtl. Improv. Bd.,* 95 N.M. 401, 402–03, 622 P.2d 709, 710–11 (Ct.App.1980) (moving party has burden of proof). *See generally Board of Educ. v. Harrell,* 118 N.M. 470, 478, 882 P.2d 511, 519 (1994) (listing essential elements of due process in state administrative proceedings). In order to act in a quasi-judicial capacity, the Administrator must " 'investigate facts, or ascertain the existence of facts, hold hearings, and draw conclusions from them, as a basis for [her] official action, and ... exercise discretion of a judicial nature.' " *Zamora v. Village of Ruidoso Downs,* 120 N.M. 778, 781, 907 P.2d 182, 185 (1995) (quoting *Dugger v. City of Santa Fe,* 114 N.M. 47, 50, 834 P.2d 424, 427 (Ct.App.1992)); *see also Montoya v. Department of Fin. & Admin.,* 98 N.M. 408, 413, 649 P.2d 476, 481 (Ct.App.1982) (quasi-judicial capacity involves "the taking of evidence and testimony and the rendering of a decision including findings of fact and conclusions of law").

{15} In the present case, Section 50–1–2 appears to provide some trappings of due

process by authorizing the Division to hold hearings, examine witnesses, administer oaths, and take testimony in "all matters specified in any complaint with [it] filed and relating to [its] duties." Section 50–1–2 also provides for procedural safeguards such as ten-day written notice of the hearing, the right to appear in person or by counsel, and the right to cross-examine witnesses and introduce testimony. However, contrary to Employee's contention, this Court has previously determined that the procedural safeguards contained in the Administrative Procedure Act do not apply to administrative proceedings before the Division. *See Heller,* 102 N.M. at 145, 692 P.2d at 531 (interpreting NMSA 1978, § 12–8–23 (1969)). Further, the parties point to no administrative rulemaking which interprets Section 50–1–2 or any other provision of the labor statutes as investing the Administrator with adjudicatory power over wage claims.

{16} The Administrator's authority to hold hearings and gather evidence cannot give rise to preclusive findings if it is not accompanied by the requisite adjudicatory power. As noted above, we find no indication that New Mexico's labor statutes provide the Division with such adjudicatory power. Rather, the administrative proceeding appears to function solely as a preliminary determination of whether a wage claim has enough merit to warrant the Division's prosecution of an enforcement action in court on an employee's behalf. Such a preliminary determination by the Administrator may be a prerequisite to prosecution in some instances, but Employee has not met her burden of showing that this determination is entitled to any preclusive effect once the prosecution in court has begun.

{17} The preliminary nature of the administrative proceeding under the enforcement scheme imposed by New Mexico's labor statutes also raises a serious concern about whether Employer received a full and fair opportunity to litigate Employee's wage claim in the administrative proceeding. As we noted in *Silva,* 106 N.M. at 474, 745 P.2d at 382, the policies which favor administrative efficiency and judicial economy may give way to the need for "[f]undamental fairness"

if there are procedural flaws in the administrative process which significantly diminish a party's incentive to litigate at the administrative level. Given the nature of the enforcement scheme under the applicable labor statutes and the apparent absence of any administrative rulemaking on the issue of the Administrator's adjudicatory power, we question whether Employer had sufficient notice that an adverse determination by the Administrator could be given a preclusive effect in a subsequent wage collection action brought under Section 50–4–26(B). *Cf. Shovelin,* 115 N.M. at 300, 850 P.2d at 1003 (declining to apply doctrine of collateral estoppel to administrative findings where party "had no way of knowing that an adverse determination by the [agency] could be used to preclude his ... claims" in district court).

{18} For these reasons, we reverse the district court's determination that the doctrine of collateral estoppel precludes Employer from challenging the Administrator's findings regarding Employee's wage claim in the district court.

### C. *Summary Judgment*

■ {19} In light of our ruling on the issue of collateral estoppel, we next consider whether the district court was correct in granting summary judgment in Employee's favor on the alternative basis that there were no disputed material facts regarding Employer's liability for overtime and vacation pay. *See Westland Dev. Co. v. Romero,* 117 N.M. 292, 293, 871 P.2d 388, 389 (Ct.App. 1994) (trial court will be affirmed if right for any reason). We consider this alternative basis for affirmance because it was preserved below and briefed by the parties on appeal. *See State v. Franks,* 119 N.M. 174, 177, 889 P.2d 209, 212 (Ct.App.1994) (appellate court will not affirm on fact-dependent grounds not raised below).

{20} Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 1–056 NMRA 1998; *Roth v. Thompson,* 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). The movant, in this case Employee, need only make a prima facie showing that she is entitled to summary

judgment. *Roth,* 113 N.M. at 334, 825 P.2d at 1244. If she does so, "the burden shifts to [Employer] to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* at 334–35, 825 P.2d at 1244–45.

{21} We initially determine that Employee made a prima facie showing of entitlement to summary judgment by presenting her affidavit and other evidence to the district court in support of her motion. However, "on a motion for summary judgment the court does not weigh the evidence." *Spectron Dev. Lab. v. American Hollow Boring Co.,* 1997–NMCA–025, ¶ 8, 123 N.M. 170, 936 P.2d 852. Thus, even if Employee provided extensive, persuasive evidence to establish Employer's liability, summary judgment is improper if no preclusion doctrine applies and Employer produces contrary evidence upon which a reasonable person could infer the absence of liability. *See id.*

{22} We determine that Employer produced such contrary evidence in opposition to Employee's summary judgment motion in this case. Employer's owner and president presented an affidavit in which he stated that he hired Employee as a salaried employee. The affidavit stated that, as such, Employee was not entitled to overtime and had not accrued vacation time under her employment contract and Employer's vacation policy. Employer also presented a copy of the employment contract, deposition testimony regarding the vacation policy, letters purporting to show the executive or administrative nature of Employee's work, and a letter from Employer's payroll contractor explaining why Employee's paychecks are not accurate indicators of whether Employee's position was salaried or hourly. Hence, we conclude that there are disputed issues of fact concerning Employer's liability for overtime and vacation pay which preclude summary judgment.

## III. CONCLUSION

{23} For the foregoing reasons, we reverse the district court's order granting summary judgment and remand for further proceedings consistent with this opinion.

{24} IT IS SO ORDERED.

APODACA and BUSTAMANTE, JJ., concur.