**Certiorari Denied, No. 31,845, September 14, 2009**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-116**

**Filing Date: June 25, 2009**

**Docket No.  27,827**

**DAVID GUZMAN and MARIA GUZMAN,**
**husband and wife, individually and as Personal**
**Representatives of the Estate of Anthony M. Guzman,**

   **Plaintiffs-Appellants,**

**v.**

**LAGUNA DEVELOPMENT CORP., d/b/a ROUTE**
**66 CASINO, GEORGE RUSSELL KAINOA AYZE,**
**and ST. PAUL FIRE AND MARINE INSURANCE**
**COMPANY,**

   **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Theodore Baca, District Judge**

Garcia Law Office
Narciso Garcia, Jr.
Albuquerque, NM

for Appellants

French & Associates, P.C.
Stephen G. French
Kerri L. Allensworth
Albuquerque, NM

for Appellees Laguna Development Corp.

Atwood, Malone, Turner & Sabin, P.A.
Bryan Evans
Roswell, NM

for Appellees George Russell Kainoa Ayze

Miller Stratvert P.A.
Kelsey D. Green
Ruth Fuess
Albuquerque, NM

for Appellees St. Paul Fire & Marine Insurance Co.

**OPINION**

**BUSTAMANTE, Judge.**

**{1}** David and Maria Guzman (the Guzmans) appeal the dismissal of their wrongful death and loss of consortium claims for the death of their son, Anthony M. Guzman. The district court both dismissed (pursuant to Rule 1-012(C) NMRA) and granted summary judgment in favor of the Defendants Laguna Development Corporation, d/b/a Route 66 Casino, George Russell Kainoa Ayze, and St. Paul Fire and Marine Insurance Company (Defendants). We reverse and remand holding that: (1) summary judgment was not proper because Defendants are estopped from taking a position before the district court inconsistent with their successful position before the Workers' Compensation Administration, and (2) dismissal was not proper because the Guzmans' complaint sufficiently pleads claims that fall within the Laguna Pueblo's waiver of sovereign immunity for injuries to visitors at the casino, pursuant to its gaming compact with the State of New Mexico. NMSA 1978, § 11-13-1 (1997) (the Compact).

**BACKGROUND**

**{2}** Defendant Laguna Development Corporation is a Native American corporation that does business as Route 66 Casino. The casino is located west of Albuquerque, on Interstate 40 near the Rio Puerco. It operates a gift shop on its premises where Anthony Guzman was employed. Defendant Ayze was the manager of the gift shop and Anthony's direct supervisor at the time of his death. Defendant St. Paul Fire and Marine Insurance Company provided statutorily required insurance coverage to the casino.

**{3}** In early 2004 Ayze, Anthony, and one other employee of the gift shop began occasionally consuming alcoholic beverages at work. On the night of Anthony's death the three shared and finished a quart of rum purchased by Ayze. Anthony's shift ended at 12:30 a.m., but after clocking out he returned to talk to Ayze about possibly taking on a lead position at the gift shop. Anthony left the casino at approximately 1:00 a.m. and proceeded east on Interstate 40 to drive into Albuquerque where he lived. At approximately mile marker 149, Anthony's vehicle left the roadway, ultimately overturning and ejecting him. Anthony died at the scene as a result of his injuries.

2

**{4}**     Following Anthony's death, the Guzmans filed a complaint for workers' compensation benefits with the Workers' Compensation Administration naming Laguna Development Corporation as the employer. A mediation conference was held which resulted in a conclusion that the Guzmans were not entitled to benefits under the Workers' Compensation Act. Specifically, the mediator's recommended resolution concluded that Anthony's death did not occur in the course and scope of his employment. The recommended resolution was clearly based on the employer's reliance on the so-called "going and coming" rule. The recommended resolution summarized the Employers/Insurer's position as follows:

> The facts appear to be that Worker left his employment, clocked out and was driving his own vehicle when the accident occurred on city streets away from Employer's premises. Thus, Worker's claim under Workers' Compensation for death benefits and for attorneys fees is barred by the going and coming rule (i.e., Worker was not at work, not working for Employer, had left the premises), therefore there is not [sic] showing of a work related accident or incident. Thus, whatever remedy Worker may have, such does not lie within the province of the Workers' Compensation Administration[.]

The recommended resolution became final and binding on the parties after Laguna Development Corporation accepted it and the Guzmans failed to reject it within thirty days after it issued.

**{5}**     The Guzmans subsequently filed this action in district court alleging claims of wrongful death and loss of consortium. Defendants' response to the complaint was two-fold. Defendants filed a motion for summary judgment based on the assertion that workers' compensation provided the exclusive remedy for Anthony's death. On the same day, Defendants also filed a motion for judgment on the pleadings asserting that the district court lacked subject matter jurisdiction to hear the case because Defendants enjoyed sovereign immunity—derived from Laguna Pueblo—which had not been waived for the claims reflected in the complaint. The Guzmans unsuccessfully argued that the district court should not consider whether workers' compensation provided the exclusive remedy because the Workers' Compensation Administration had already determined that Anthony's claims fell outside of workers' compensation. The Guzmans also argued that their claims are not barred by sovereign immunity because Anthony was a "visitor" under the Laguna Pueblo's gaming compact with the State of New Mexico.

## DISCUSSION

### Exclusivity of the Workers' Compensation Act

**{6}**     Our review of a grant of summary judgment is de novo. *Farmington Police Officers Ass'n v. City of Farmington*, 2006-NMCA-077, ¶ 13, 139 N.M. 750, 137 P.3d 1204. "Summary judgment is a drastic remedial tool which demands the exercise of caution in its application[,]" and we review the record "in the light most favorable to support a trial on the

3

merits." *Blauwkamp v. Univ. of N.M. Hosp.*, 114 N.M. 228, 231, 836 P.2d 1249, 1252 (Ct. App. 1992).

**{7}** The Guzmans argue that the accepted recommended resolution resolving the case in the Workers' Compensation Administration should have been accorded preclusive res judicata status by the district court. The Guzmans also argue—albeit more obliquely—that Defendants should not be allowed to change their position as to the exclusivity of workers' compensation as a remedy.

**{8}** The district court properly declined to apply claim preclusion to the recommended resolution.

> Res judicata, or claim preclusion, precludes a party from relitigating a claim, demand, or cause of action when (1) the cause of action is identical in both suits; (2) the same parties are involved; (3) the capacity or character of persons for or against whom the claim is made is the same; and (4) the subject matter is identical.

*Moffat v. Branch*, 2002-NMCA-067, ¶ 14, 132 N.M. 412, 49 P.3d 673. In addition, in order for the doctrine of res judicata to apply, the "claimant must have had a full and fair opportunity to litigate the claim in the original action and there must have been a final decision on the merits." *Id.* ¶ 17. Furthermore, when an administrative decision is at issue, it may be given preclusive effect in a later trial only if:

> in addition to meeting the traditional elements of the preclusion doctrine at issue, it is shown that the administrative body: (1) while acting in a judicial or quasi-judicial capacity, (2) resolved disputed questions of fact properly before it, and (3) provided the parties with a full and fair opportunity to litigate the issue at an administrative hearing.

*Southworth v. Santa Fe Servs., Inc.*, 1998-NMCA-109, ¶ 12, 125 N.M. 489, 963 P.2d 566. When the administrative proceedings at issue "tend to be informal with fewer procedural safeguards," the reviewing court must be "particularly vigilant" when reviewing the district court's application of a preclusion doctrine. *Id.* ¶ 13.

**{9}** Workers' compensation mediations are governed by the Labor and Workers' Compensation Regulations. Section 11.4.4.10 of the regulations, entitled "Mediation Rules," makes it clear that mediation conferences are informal meetings, not judicial proceedings. *See* 11.4.4.10(C)(7)(c) NMAC (6/13/03). The rules provide that the purpose of mediation conferences is not to adjudicate or issue findings, instead it is a process meant to define, evaluate, make recommendations on issues, and try to settle issues. 11.4.4.10(C)(6)(b) NMAC. The lack of adjudication argues against applying res judicata. And the inherently informal nature of mediation proceedings itself argues against applying res judicata to the end product of the process.

**{10}** We are persuaded that the procedural differences between an administrative mediation and a wrongful death action weigh against giving preclusive effect to the recommended resolution. A workers' compensation mediation is different from trial proceedings before a workers' compensation judge or a district court judge. *See Padilla v. Intel Corp.*, 1998-NMCA-125, ¶ 12, 125 N.M. 698, 964 P.2d 862 (concluding that hearings held before a workers' compensation judge "generally resemble trials in court"); *Norman v. Lockheed Eng'g & Sci. Co.*, 112 N.M. 618, 621, 817 P.2d 1260, 1263 (Ct. App. 1991) ("[A] conclusively binding recommended resolution results from an informal conference, whereas a compensation order is the end product of adjudication."). Issues of law and fact are decided by a workers' compensation judge and the resulting decision is directly appealable to this Court. NMSA 1978, § 52-5-8 (1989). If a party rejects a mediator's recommended resolution, however, there is no appeal. Instead, the claim proceeds to trial before a workers' compensation judge.

**{11}** However, when Defendants have taken contrary positions on the issue of WCA exclusivity in the Workers' Compensation Administration and the district court, consideration of the inconsistency is not limited by issue preclusion and requires our attention. Applying judicial estoppel we conclude that Defendants are estopped from taking a position on the issue of exclusivity in the district court inconsistent from the prior, successful position they took before the Workers' Compensation Administration.

**{12}** Judicial estoppel "prevents a party who has successfully assumed a certain position in judicial proceedings from then assuming an inconsistent position, especially if doing so prejudices a party who had acquiesced in the former position." *Sw. Steel Coil, Inc. v. Redwood Fire & Cas. Ins. Co.*, 2006-NMCA-151, ¶ 18, 140 N.M. 720, 148 P.3d 806 (internal quotation marks and citation omitted); *see, e.g.*, *State v. St. Cloud*, 465 N.W.2d 177, 178-80 (S.D. 1991) (judicially estopping a defendant from claiming he was an Indian in state court after he had successfully asserted that he was not an Indian in federal court for purposes of the Major Crimes Act). A party cannot play "fast and loose" with a court by changing legal positions in the midst of a suit. *Citizens Bank v. C & H Constr. & Paving Co.*, 89 N.M. 360, 367, 552 P.2d 796, 803 (Ct. App. 1976) (internal quotation marks omitted).

**{13}** Defendants successfully argued inconsistent positions. First they successfully argued the position that the Guzmans had no remedy through workers' compensation because, since Anthony had already left work, his death was not within the course and scope of his employment. Implicit in this position is a denial of negligence on their part in relation to his death. *See Espinosa v. Albuquerque Publ'g Co.*, 1997-NMCA-072, ¶ 13, 123 N.M. 605, 943 P.2d 1058 (holding that an injury is not within the scope of employment after the employee has left work, unless the injury was caused by the employer's negligence). Then in district court, summary judgment was granted in favor of Defendants after they argued that workers' compensation provided the exclusive remedy because they were negligent and perhaps reckless in some of their actions or inactions preceding Anthony's death.

**{14}** The Guzmans were prejudiced by Defendants' inconsistent positions. The Guzmans acquiesced to Defendants' initial position that Anthony's death did not arise out of the

5

course and scope of his employment by allowing their opportunity to object to the mediator's recommended resolution to expire. As a result, the workers' compensation resolution was effectively accepted and became binding on both parties. Acceptance of Defendants' prior position, together with Defendants' current inconsistent position, has prevented the Guzmans from pursuing any possible remedy within, or outside of workers' compensation.

{15}    Given that the district court's determination on this issue was made after considering Defendants' inconsistent defense, its grant of summary judgment concluding that workers' compensation provides the exclusive remedy cannot stand. On remand, the district court is not precluded from reconsidering the questions of negligence or exclusivity and any other defenses available to Defendants not inconsistent with their position before the Workers' Compensation Administration.

**Sovereign Immunity**

{16}    The district court granted Defendants' motion for judgment on the pleadings concluding that Laguna Pueblo's sovereign immunity barred the Guzmans' claims. When reviewing a district court's grant of a motion to dismiss, we accept as true the facts pleaded in the complaint, and we review de novo the district court's application of the law to those facts. *Envtl. Control, Inc. v. City of Santa Fe*, 2002-NMCA-003, ¶ 6, 131 N.M. 450, 38 P.3d 891 (filed 2001). "A complaint should not be dismissed unless there is a total failure to allege some matter essential to the relief sought." *Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 2005-NMCA-097, ¶ 16, 138 N.M. 70, 116 P.3d 861. "For purposes of a motion to dismiss, we accept all well-pleaded facts as true and question whether the plaintiff might prevail under any state of facts provable under the claim." *Id.*

{17}    Indian tribes have the same common-law immunity from suit as other sovereigns, but it may be waived if a tribe makes an express and unequivocal waiver. *R & R Deli, Inc. v. Santa Ana Star Casino*, 2006-NMCA-020, ¶ 10, 139 N.M. 85, 128 P.3d 513 (filed 2005). "Because a tribe need not waive immunity at all, it is free to prescribe the terms and conditions" of the waiver, and "[a]ny such conditions or limitations must be strictly construed and applied." *Id.* (internal quotation marks and citation omitted). The Guzmans allege that their claims fall within the waiver provisions of the Compact, Sections 8(A), (D) of the Class III Gaming Compact between the State of New Mexico and the Laguna Pueblo. There is no question that these sections create an express and unequivocal waiver under the Compact for the "protection of visitors to a Gaming Facility," for claims of "bodily injury or property damage proximately caused by the conduct of the Gaming Enterprise." *Doe v. Santa Clara Pueblo*, 2007-NMSC-008, ¶ 7, 141 N.M. 269, 154 P.3d 644 (internal quotation marks omitted).[1] In their motion to dismiss, Defendants argued and the district court agreed, that the Guzmans' claims fell outside the conditions and limitations of the waiver because

---

[1]We note that if sovereign immunity is not waived in this case, our state courts also lack jurisdiction on this matter. *R & R Deli*, 2006-NMCA-020, ¶ 11. However, the parties have not posited their argument in terms of a jurisdictional question, and therefore our analysis is in terms of sovereign immunity only.

6

Anthony could not be a "visitor." We hold that whether Anthony was a "visitor" under the Compact is a question of fact that was sufficiently pleaded and that dismissal was not proper.

**{18}** Both patrons and guests of a gaming enterprise are included under the term visitor as used in the waiver. *R & R Deli, Inc.*, 2006-NMCA-020, ¶ 25; *see also Doe*, 2007-NMSC-008, ¶ 27 n.6 (concluding that tribal jurisdiction was waived for a claim that the Santa Clara Pueblo failed to take reasonable safety measures to protect a guest, a minor child, from being abducted from the parking lot of Big Rock Casino). Business entities "who enter into business transactions with the Pueblo" are not considered visitors to whom the waiver applies. *R & R Deli, Inc.*, 2006-NMCA-020, ¶ 25.

**{19}** Defendants argue that the waiver does not extend to Anthony, because as an employee, he could not be a "visitor" within the meaning of the Compact. Defendants assert that similar to the case of *R & R Deli, Inc.*, where a business entity did not fall under the waiver because it was capable of protecting its own interests by negotiating the terms upon which it came onto the premises, Anthony's interests were already protected by workers' compensation. In addition, they argue that his status was not converted to that of a visitor during the time he remained on the premises after clocking out because he stayed for a business purpose, to discuss a potential promotion. At bottom, Defendants' argument is that the Guzmans' claims are barred by sovereign immunity because, as a matter of law, Anthony was not like a regular patron or guest to whom the waiver applies. We disagree that the matter can be determined as a matter of law at this point.

**{20}** *R & R Deli, Inc.* is distinguishable. Defendants are correct that the reasoning in *R & R Deli, Inc.* was based partly on the bargaining position of business entities. However, we disagree that the bargaining position of a person accepting employment at a gaming establishment is analogous to that of a business entity, such that he or she is similarly capable of protecting his or her own interests relating to their employment. Employees of Route 66 Casino have workers' compensation coverage,[2] but this is not a benefit negotiated by individual employees. It is provided and imposed by the Compact. More to the point, the existence of workers' compensation coverage does not determine as a matter of law what a person's status is at any particular moment. *R & R Deli, Inc.* certainly did not present the factual question of how, if at all, a person's status might change after clocking out of work.

**{21}** Furthermore, the holding in *R & R Deli, Inc.* was based on more than mere bargaining positions of the parties. We also based our decision on the unremarkable fact that business entities cannot suffer the type of "bodily injury" contemplated in the waiver. *Id.* ¶ 22. Thus, we concluded that "the waiver of sovereign immunity was intended to cover only claims for physical injuries to persons and property and not claims . . . which involve contract law and business torts." *Id.* Anthony was a person capable of suffering a physical injury to his person or property. His status is simply not analogous to that of a business entity for purposes of the waiver.

---

[2]Section 4(B)(6) of the Compact states that the tribe will provide workers' compensation insurance to employees of its gaming establishment.

7

**{22}** Here, the Guzmans' complaint sufficiently alleged that, to the extent that their claims for wrongful death fall outside the Workers' Compensation Act, their claims fall within the waiver. To the extent that such a claim does not fall within workers' compensation, we conclude that the Guzmans may plead and at least attempt to prove that their claims fall within the waiver provision. Dismissal of the wrongful death action was not proper because of the possibility that the Guzmans could succeed under some state of facts provable under their claim.

**{23}** Defendants argue that allowing this claim to proceed infers an intent by the parties to the Compact to provide Route 66 Casino employees with the option of either pursuing workers' compensation benefits or tort-claims in court for any work-related injury. This is not the case. Section 8(D) of the Compact provides that New Mexico law governs the substantive rights of any claimant bringing suit under the waiver. Defendants also concede that Section 4(B)(6) of the Compact was intended to give employees the same basic benefits to which employees of non-Indian entities in New Mexico would be entitled. Under New Mexico law, to the extent that claims by employees of non-Indian entities fall outside of workers' compensation, they retain the ability to seek relief in district court. *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 24, 127 N.M. 47, 976 P.2d 999. Thus we conclude that to the extent that Anthony was not within the scope of employment for purposes of the Workers' Compensation Act, as a person lawfully on the premises with the permission of the casino, the wrongful death claim was well pleaded and should have withstood Defendants' motion for dismissal.

**Loss of Consortium Not Included Under the Waiver**

**{24}** The situation is different for the Guzmans' loss of consortium claim. The express language of the Compact limits the waiver to "bodily injury" or "property damage." In *R & R Deli, Inc.*, we noted the possibility that this language may include related claims such as loss of consortium, but we had no need to address it directly. 2006-NMCA-020, ¶ 21. For purposes of our analysis of this question, we restate the rule that any conditions or limitations on the waiver must be strictly construed and applied. *Id.* ¶ 10. When a provision of the waiver is unambiguous, it need only be applied, rather than construed or interpreted. *Id.* ¶ 20. A waiver of immunity beyond that which is expressly described cannot be implied. *Holguin v. Tsay Corp.*, 2009-NMCA-056, ¶ 11, 146 N.M. 346, 210 P.3d 243.

**{25}** In *Holguin*, we held that an emotional injury resulting from an invasion of privacy was not a bodily injury falling within the waiver. *Id.* ¶ 3. There, the Ohkay Owingeh Casino and Resort, an Indian gaming establishment, was sued for emotional distress resulting from an alleged invasion of privacy. *Id.* ¶ 1. Based on our analysis of New Mexico tort law in the area of insurance contracts, we concluded that emotional distress did not fall within the meaning of the term "bodily injury." *Id.* ¶¶ 12-13. Of particular relevance to our analysis is *Gonzales v. Allstate Insurance Co.*, which specifically held that emotional distress from loss of consortium was not a bodily injury. 122 N.M. 137, 140, 921 P.2d 944, 947 (1996).

**{26}** Applying New Mexico law pursuant to Section 8(D) of the Compact, we conclude that the Guzmans' loss of consortium claims may not be brought under the waiver. Loss of

consortium is an injury to a relationship a plaintiff shared with the injured or deceased. *Fitzjerrell v. City of Gallup*, 2003-NMCA-125, ¶ 12, 134 N.M. 492, 79 P.3d 836. It is a "derivative of other injuries and not an injury in and of itself." *Id.* Like the invasion of privacy claim considered in *Holguin*, a loss of consortium cause of action is to compensate an emotional injury rather than a bodily injury. *See Fernandez v. Walgreen Hastings Co.*, 1998-NMSC-039 ¶¶ 23-32, 126 N.M. 263, 968 P.2d 774, (characterizing the loss of consortium claim in that case as "*emotional distress* to a grandparent who had a close familial relationship" with her deceased grandchild) (emphasis added). Accordingly, we conclude that the Guzmans' loss of consortium claim was properly dismissed because it is barred by the tribe's sovereign immunity.

**CONCLUSION**

**{27}** For the foregoing reasons, we reverse the district court's dismissal of the wrongful death action and remand for further proceedings consistent with this opinion. We affirm dismissal of the loss of consortium claims.

**{28}    IT IS SO ORDERED.**

_____
            **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *Guzman v. Laguna Development Corp.*, No. 27,827**

| **CP** | **CIVIL PROCEDURE** |
| CP-ES | Estoppel |
| CP-RJ | Res Judicata |
| CP-SJ | Summary Judgment |
| | |
| **GV** | **GOVERNMENT** |
| GV-SI | Sovereign Immunity |
| | |
| **IL** | **INDIAN LAW** |
| IL-GA | Gaming |
| IL-TJ | Tribal and State Authority and Jurisdiction |
| | |
| **TR** | **TORTS** |
| TR-LC | Loss of Consortium |
| TR-WD | Wrongful Death |

**WC**                      **WORKERS COMPENSATION**

WC-CR                Coming and Going Rule

WC-ER                Exclusive Remedy