This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**VANGIE ARRELLANO,**

Plaintiff-Appellee,

v.                                                                                                    **NO. 34,062**

**NEW MEXICO DEPARTMENT**
**OF HEALTH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond L. Ortiz, District Judge**

The Herrera Law Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellee

Brennan & Sullivan, P.A.
Frank D. Weissbarth
James P. Sullivan
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Appellant New Mexico Department of Health (DOH) appeals from the district court's summary judgment ruling that the submission of an incident report that the State Personnel Board (SPB) found to be falsified and to constitute just cause for Appellee Vangie Arellano's (Plaintiff) dismissal may serve as the basis of a claim under the Whistleblower Protection Act (WPA)." [RP Vol.Four/848, 851, 881, 896, 914] We granted the interlocutory application and issued a notice proposing to reverse. In response, Plaintiff filed a memorandum in opposition (MIO), and DOH filed a memorandum in support (MIS). We are not persuaded by Plaintiff's arguments and therefore reverse.

{2}     We briefly review the pertinent background. Plaintiff got into a confrontation with a co-worker and then filed an incident report where she alleged that a co-worker had abused a patient by throwing a washcloth and hitting the patient in the face with the washcloth. [RP Vol.One/181] DOH investigated the incident and determined that Plaintiff filed a false incident report wherein she "falsified [her] statement during the investigation by falsely reporting patient abuse" by the co-worker. [RP Vol.One/181] Based on the falsified incident report, DOH terminated Plaintiff for just cause [RP Vol.One/188, 203, 224], and the district court affirmed the termination. [RP Vol.Three/682-83] DOH in turn filed a motion for summary judgment, arguing in

pertinent part that Plaintiff's previously stayed WPA claim was barred by issue preclusion. [Vol.Three/686]

{3} As provided in our notice, we agree with DOH's position. In doing so, we consider Plaintiff's WPA claim, where Plaintiff alleged, among other matters, that her termination was without just cause and "was in retaliation for reporting the unlawful or improper acts" of her co-worker. [Vol.One/1, 2] As a basis for this claim, Plaintiff alleged that the primary reason DOH fired her was retaliatory and motivated by DOH's goal of discouraging other employees from filing reports that would cause other investigatory state agencies to ask, "what is going on over there?" [Ct.App.File, response 9] This allegation is a WPA claim made pursuant to NMSA 1978, Section 10-16C-3(A) (2010), which provides:

> A public employer shall not take any retaliatory action against a public employee because the public employee . . . communicates to the public employer or a third party information about an action or a failure to act that the public employee believes *in good faith* constitutes an unlawful or improper act[.]

(emphasis added).

{4} In making her WPA claim, Plaintiff argues that she engaged in the protected or whistleblowing conduct of reporting a co-worker's patient abuse and was fired as retaliation for engaging in this protected conduct. [RP Vol.One/2] In theory, we agree with the general premise that a determination that an employer has "good cause" to

3

terminate an employee does not as a matter of law constitute issue preclusion of a WPA claim that the primary basis of the termination was in reality retaliatory. [Ct.App.File, response 9-10] In this regard, we acknowledge that even if an employer has "good cause" to terminate an employee, it is possible that a WPA claim exists on the basis that the primary reason for the firing was nonetheless retaliatory. Problematically for Plaintiff, however, is that her asserted protected activity itself—her reporting of a co-employee's alleged patient abuse in her incident report—was found to be falsified.

{5} With regard to the falsified incident report specifically, as determined in the administrative proceedings and affirmed by the district court, [RP Vol.Three/682] DOH terminated Plaintiff for good cause because Plaintiff "falsified [her] statement during the investigation by falsely reporting patient abuse" by co-worker [RP Vol.One/181] and Plaintiff "got into a confrontation" with her co-worker and "falsified reports concerning the incident." [RP Vol.One/188-89] Plaintiff appealed her termination to the State Personnel Board (SPB), which affirmed the termination and determination that Plaintiff "committed a Group 3 violation of the Department's Discipline policy by falsifying an abuse report against a co-worker." [RP Vol.One/188, 203, 224] And the district court ultimately affirmed the SPB's decision, ruling that "[n]o public policy protects public employees who file false reports of abuse" and that the SPB's final decision that DOH had just cause to terminate Plaintiff

4

was supported by substantial evidence. [RP Vol.Three/682-83] Because findings were made that Plaintiff "falsified" her incident report, her WPA protected activity or whistleblowing act—the filing of an incident report—was necessarily not in "good faith." We accordingly conclude that Plaintiff failed as a matter of law to establish a WPA claim because her whistleblowing act itself was falsely made and thus necessarily does not satisfy the "good faith" requirement of Section 10-16C-3(A). For this reason, we agree with DOH that the administrative decision should be accorded collateral estoppel effect to bar Plaintiff's separate WPA claim. *See generally Shovelin v. Central N.M. Elec. Coop.*, 1993-NMSC-015, ¶ 12, 115 N.M. 293, 850 P.2d 996 (providing that issues resolved in an administrative agency adjudication decision may be given preclusive effect in later civil trials).

{6}    Despite the foregoing, Plaintiff asserts that application of the doctrine of issue preclusion would be unfair. [MIO 1] As a basis for her assertion, Plaintiff emphasizes that a guiding principle of this doctrine is that the party to be bound had "a full and fair opportunity to litigate the issue in the prior litigation." [MIO1] *See Guzman v. Laguna Dev. Corp.*, 2009-NMCA-116, ¶ 8, 147 N.M. 244, 219 P.3d 12 (providing that an administrative decision "may be given preclusive effect in a later trial only if, . . . in addition to meeting the traditional elements of the preclusion doctrine at issue, it is shown that the administrative body: (1) while acting in a judicial or quasi-judicial capacity, (2) resolved disputed questions of fact properly before it, *and* (3) *provided*

*the parties with a full and fair opportunity to litigate the issue at an administrative hearing*" (emphasis added)) Plaintiff argues specifically that she was not afforded such a full and fair opportunity because the administrative judge relied on hearsay evidence to assess that she had falsified her incident report. [MIO 3]

{7}     As Plaintiff recognizes, the hearsay rules do not apply to administrative hearings. *See, e.g., Ferguson-Steere Motor Co. v. State Corp. Comm'n*, 1957-NMSC-050, ¶ 14, 63 N.M. 137, 314 P.2d 894. Nonetheless, while an administrative body is not required to follow the formal rules of evidence, as noted above, agency decisions may be accorded collateral estoppel effect. *See Guzman*, 2009-NMCA-116, ¶ 8. Plaintiff cites us to no specific authority, and we know of none, for the proposition that an administrative judge's reliance on hearsay evidence deprives a party of having a full and fair opportunity to litigate an issue. *See generally In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (holding that where a party cites no authority to support an argument, we may assume no such authority exists). To the contrary, as noted above, case law recognizes that administrative decisions, even though hearsay evidence may be considered, may be accorded collateral estoppel effect. And while an administrative adjudication that was based solely on hearsay evidence might perhaps merit further consideration for whether it would be appropriate to apply issue preclusion to subsequent proceedings, this case does not present such a circumstance. As pointed out by DOH, the administrative judge's

6

conclusion that Plaintiff had falsified her incident report was based on more than just hearsay evidence. [MIS 2, 3] In this regard, while Plaintiff asserts that "[t]he hearsay testimony of Resident forms [the] entire basis of the administrative judge's finding that [co-worker] never threw a washcloth at Plaintiff" [MIO 3], Plaintiff at the same time acknowledges that the co-worker directly testified that he never threw a washcloth at Plaintiff. [MIO 3; MIS 4] Therefore, contrary to Plaintiff's assertion otherwise, the administrative judge's finding was not based solely on hearsay evidence. And the fact that Resident's hearsay testimony was corroborative of co-worker's direct testimony [MIO 3] does not translate to an administrative ruling being based solely on hearsay evidence or otherwise being tantamount to Plaintiff being denied a full and fair opportunity to litigate an issue. *Cf. Guzman*, 2009-NMCA-116, ¶ 10 (concluding that the procedural differences between an administrative workers' compensation mediation and a wrongful death action weigh against giving preclusive effect to the recommended resolution).

{8}     Apart from her hearsay argument, Plaintiff also maintains that a disputed question of fact exists for whether she satisfied the "good faith" requirement of Section 10-16C-3(A). [MIO 6] We disagree. As related above, as determined in the administrative proceedings and affirmed by the district court, Plaintiff "*falsified* [her] statement during the investigation by falsely reporting patient abuse" by the co-worker (emphasis added), thereby providing good cause for her termination. [RP

7

Vol.One/181] Because the whistleblowing act itself was falsified by Plaintiff, the good faith requirement of Section 10-16C-3A was necessarily not satisfied. [MIO 6]

{9} And lastly, we are not persuaded by Plaintiff's argument that the Legislature did not intend for res judicata or claim preclusion to apply to WPA claims. [MIO 7] As support for her argument, Plaintiff relies on WPA NMSA 1978, Section 10-16C-4(C) (2010), which provides that "[t]he remedies provided for in the [WPA] are not exclusive and shall be in addition to any other remedies provided for in any other law or available under common law." [MIO 7] While the WPA does not foreclose a party from pursuing both administrative and district court remedies, as this case amply illustrates, issue preclusion may nonetheless foreclose further proceedings when appropriate.

{10} In sum, under the circumstances of this case, where Plaintiff's asserted protected activity itself—as determined in the administrative proceedings and affirmed by the district court—was found to be falsified by Plaintiff, we conclude that Plaintiff necessarily failed to satisfy the WPA Section 10-16C-3(A) requirement that the whistleblowing act be in good faith. Under these circumstances, Plaintiff is barred from pursuing her WPA claim in district court by issue preclusion stemming from the administrative proceedings.

{11} For the reasons discussed above and in our notice, we reverse.

{12} **IT IS SO ORDERED.**

                           _____

                           **LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**J. MILES HANISEE, Judge**